[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10282
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00226-ELR-LTW-1


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

MARCIAL ANTONIO HERNANDEZ-RUIZ,
a.k.a. Antonio H. Ruiz,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 17, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and GRANT, Circuit
Judges.

PER CURIAM:

Marcial Hernandez-Ruiz immigrated to the United States from El Salvador in 2002 and became a lawful permanent resident. In 2008 he was convicted of child molestation and imprisoned for two years. He was then released into immigration custody, where he was served with a notice to appear at a hearing for removal proceedings. The notice did not specify the time or date of the hearing. At the hearing, which Hernandez-Ruiz attended, the immigration judge ordered him removed from the United States. And in July 2011, he was.

But he returned. In 2017 Hernandez-Ruiz was arrested by immigration officials in Georgia and indicted for illegal reentry after deportation. He moved to dismiss the indictment based on a collateral attack of his 2011 deportation.

Hernandez-Ruiz contended that the immigration judge in his 2011 removal hearing lacked jurisdiction over his case. In Pereira v. Sessions, 138 S. Ct. 2105 (2018), the Supreme Court held that 8 U.S.C. § 1229 requires a notice to appear for removal proceedings to state the time and date of the proceedings; otherwise the notice is ineffective. Hernandez-Ruiz argued that the time and date requirement is jurisdictional. Under his theory, because the notice to appear for his 2011 removal hearing was ineffective, the immigration judge did not have jurisdiction to deport him. Because the immigration judge lacked jurisdiction, the deportation was void. And because the deportation was void, he could not have illegally reentered after deportation. The district court disagreed and denied his motion to dismiss.

2

Hernandez-Ruiz pleaded guilty to illegal reentry after deportation but preserved his right to appeal the denial of his motion to dismiss.  This is his appeal.

Hernandez-Ruiz contends on appeal that the district court erred by holding that the immigration judge had jurisdiction to deport him.  A district court's denial of a motion to dismiss an indictment is reviewed for abuse of discretion.  United States v. Seher, 562 F.3d 1344, 1356 (11th Cir. 2009).  In criminal cases we review de novo collateral challenges to the validity of a removal order.  United States v. Watkins, 880 F.3d 1221, 1224 (11th Cir. 2018).

After the parties submitted their briefs in this case, we issued an opinion clarifying that the time and date requirement in § 1229 is a claim processing rule, not a jurisdictional rule.  Perez-Sanchez v. U.S. Attorney General, No. 18-12578, — F.3d —, 2019 WL 3940873, at * 4–5 (11th Cir. August 21, 2019).  Because it is a claim processing rule, the immigration judge in Hernandez-Ruiz's 2011 hearing had jurisdiction to deport him.[1]  And thus the district court correctly denied Hernandez-Ruiz's motion to dismiss.  **AFFIRMED.**

---

[1] The district court also found, and the government here argues, that Hernandez-Ruiz cannot prevail on a collateral challenge to the 2011 removal proceedings without proving that (1) he exhausted the available administrative remedies, (2) he was deprived of an opportunity for judicial review during the removal proceedings, and (3) the entry of the removal order was fundamentally unfair.  8 U.S.C. § 1326(d).  Hernandez-Ruiz contends that those requirements don't apply where the immigration judge lacks jurisdiction.  We have not addressed the issue in a published opinion.  And we do not need to decide it here.  Even if Hernandez-Ruiz can collaterally attack his 2011 deportation, his attack fails because the immigration judge had jurisdiction.